IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID SIMS, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action No. 4:14-CV-02145 |
| | § | |
| CITY OF MADISONVILLE, | § | |
| MADISONVILLE POLICE DEPARTMENT, | § | |
| AND JEFFERY COVINGTON, | § | Jury Trial Demanded |
| | § | |
| *Defendants.* | § | |

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE ORDER GRANTING
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND/OR FOR NEW TRIAL**

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now the Plaintiff, David Sims, and files this Motion for Reconsideration of this

Honorable Court's Order Granting the Motion for Summary Judgment and/or for New Trial, and

respectfully shows the following:

### A.    Introduction

1.    David Sims filed this action on July 25, 2014, through his undersigned counsel,

against the Defendants City of Madisonville, the Madisonville Police Department (hereafter

"City"), and Jeffery Covington (hereafter "Covington") in his individual capacity, for

deprivations of his Constitutional Rights under the First, Fourth and Fourteenth Amendment,

pursuant to 42 U.S.C. § 1983. [Doc. 1, Plaintiff's Original Complaint; Doc. 25 at 22-27, 28,

Plaintiff's First Amended Complaint.]   Against Defendants City and Police Department, Sims

alleged First Amendment Retaliation, Deprivation of Protected Property Interests, and

Deprivation of Protected Liberty Interest without due process of laws. *Id.* at 22-27, 28.   Against

Defendant Covington, Sims alleged claims for civilly conspiring, while acting under color of

law, to retaliate against Plaintiff and/or deprive Plaintiff of constitutionally protected interests without due process of law. *Id.* at 29.

2.   Prior to filing this action, on July 16, 2014, Sims, proceeding *pro se*, filed a civil action in State Court against the City of Madisonville and the Madisonville Police Department, asserting a single cause of action under the Texas Whistleblower Act, Tex. Gov't Code § 554.0001, *et seq*, [1] which provides a limited waiver of immunity allowing public employees to bring claims against governmental employers for **adverse employment actions** taken in retaliation for the good faith report of illegal acts to an appropriate law enforcement authority. This Court would not have had jurisdiction over that state law claim.  Nor were the City's additional unconstitutional actions against Sims subsequent to the termination of his employment actionable under the Texas Whistleblower Act.  The Act provides limited relief for  suspension, termination, or otherwise adverse *personnel* actions against an employee.

3.   Defendants City and Police Department filed a Motion and Supplemental Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b), and Sims responded.

4.   In the State court action, the City of Madisonville filed a Plea to the Jurisdiction on September 8, 2014, based solely on the ground that Sims' state court claim was barred by the 90 day limitations, which they argue runs from the date of termination in all cases, despite the express terms of the Act, requiring suit be field within 90 days of the adverse act or reasonable discovery therefore.  Moreover, the limitations period is told by the initiation and during the pendency of an internal procedure such as the appeal filed by David Sims to the City Manager, that remains pending.

5.   The City argued that the time limitation was a jurisdictional prerequisite to suit, and

---

[1] Doc. 31-1 at B48, Plaintiff's Original Petition; <u>David Sims v. City of Madisonville</u>; Cause No. 14-13720-012-10; in the 12th Judicial District Court, Madison County, Texas.

therefore Sims' allegations were insufficient to invoke the waiver of immunity for liability under the act. [Doc. No. 31-1 at B29, City's Plea to the Jurisdiction of the state court ("PTJ"); Doc. No. 31-1 at B 31; *id.* at F, City's Supplemental Briefing.]

6.    The state court granted the City's plea to the jurisdiction and dismissed the case with prejudice on the basis that Sims' allegations did not state a claim that invoked the limited waiver of governmental immunity under the Texas Whistleblower Act.

7.    Defendants City and Police Department, and Defendant Covington filed Motions for Summary Judgment of Sims' federal claims in this Court on res judicata grounds, based upon the state court's order dismissing Sims' Whistleblower Claim for want of subject matter jurisdiction. [Doc. No. 31-3].

8.    On July 1, 2015, this Honorable Court granted the Motion for Summary Judgment of the City and Police Department [Doc. No.28], but denied Defendant Covington's Motions [Doc. Nos. 30 & 40].   The Motions to Dismiss were denied as moot [Doc. Nos. 6 & 26].

9.    Sims respectfully moves this Honorable Court for Reconsideration of its Order granting the Defendants' Motion for Summary Judgment, or for a New Trial.

**A.  The order dismissing Sim's Whistleblower claim would not preclude Sims' federal claims under Texas Law**

10.   The preclusive effect of a state court judgment is determined by the Full Faith and Credit Act, 28 U.S.C. § 1738, which requires federal courts to accord state court judgments the same preclusive effect they would receive in the courts of the rendering state.  *Marrese v. American Academy of Orthopedic Surgeons*, 470 U.S. 373, 380-81 (1985).  In this case, the order granting the City's plea to the jurisdiction would not preclude this action under Texas law, and therefore, it should not preclude Plaintiff's claims in this case. *Piggly Wiggly Clarksville*, 83 F.Supp.2d at 792.  Under Texas law, a dismissal for want of jurisdiction is not a judgment on the

merits, even when consideration of the merits is necessary for the jurisdictional decision. *Garcia v. Kubosh*, 274 S.W.3d 133, 137 (Tex. App.—Houston[1st Dist.] 2012, no pet.), citing *e.g.*, *Robinson v. Parker*, 353 S.W.3d 753, 756 (Tex. 2011); *Houston Pipeline Co. v. Bank of Am.*, *N.A.*, 213 S.W.3d 418, 429 (Tex. App.—Houston [1st Dist.] 2006, no pet.)  If the trial court determines the merits, "[t]he trial court's judgment is void for lack of jurisdiction."  *Garcia v. Kubosh*, citing *Houston Pipeline*, 213 S.W.3d at 429.  When a plea to the jurisdiction of a court is sustained, the trial court should dismiss the suit without prejudice.  Dismissal based on lack of jurisdiction can never be on the merits, (beyond the precise jurisdictional question decided, over which a court always has jurisdiction), and is improper if the plaintiff can potentially remedy the jurisdictional defect in any court.  *Harris Cnty. v. Sykes*, 136 S.W.3d at 641-42, citing *Bell v. State Dep't of Highways and Pub. Transp.*, 945 S.W.2d 292, 295 (Tex.App.—Houston[1st Dist.] 1997, writ denied).   While a court always has jurisdiction to determine its own jurisdiction, any final judgment or determination of the merits by a court that lacked jurisdiction is void. *Robinson*, 353 S.W.3d at 756; *Garcia*, 274 S.W.3d at 137; *Houston Pipeline Co.*, 213 S.W.3d at 429.   *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002)(In deciding a plea to the jurisdiction, a court may not consider the merits of the case, but only the plaintiff's pleadings and the evidence pertinent to the jurisdictional inquiry).

11.    In granting summary judgment, this Court determined that the state court order was based on sovereign immunity,  that an order granting a plea to the jurisdiction is a decision on the merits as to the jurisdictional question, and that in this case, sovereign immunity defeats Sims' federal constitutional claims that are not governed by the shortened time limitation under the Whistleblower Act.  The state court's jurisdictional order, however, expressly limited itself to the reasons stated in the City's Plea to the Jurisdiction – the statute of limitations.   [Doc.  No.

31-3, State Court Order, stating, "the Court finds that it lacks jurisdiction over the claims asserted against the City *for the reasons stated in the plea*."]   The question of whether Sims timely filed suit within the 90-day limitations period under the Texas Whistleblower act was the only determination by the state court; the state court determined it lacked jurisdiction to determine the merits.

12.   Even where there is a decision on the merits by a court of competent jurisdiction, Texas law does not preclude different claims.  For instance, in *Gilbert v. Fireside Enterprises, Inc.*, 611 S.W.2d 869 (Tex.Civ.App. 5th Dist., 1980), the Texas Court of appeals reversed a trial court's order granting summary judgment based on res judicata because although the prior final judgment involved identical parties and arose out of the same occurrence, the second suit was one for breach of contract, whereas the prior suit was a tort claim (negligence).

13.   A final judgment that is truly on the merits may also preclude other claims that could have been brought simultaneously, but this rule appears far more expansive than it is.  *See Flores v. Edinburg Consolidated Independent School District, et al.*, discussing the rule in *Freeman v. McAninch*, 87 Tex. 132, 27 S.W. 97, 100 (Tex. 1894), where the Texas Supreme Court declared that "[a] party cannot relitigate matters which he might have interposed, but failed to do, in a prior action between the same parties or their privies, in reference to the same subject matter." Thus, a judgment "is not only final as to the matter actually determined, but as to every other matter which the parties might litigate in the cause, and which they might have had decided." *Id.*  The Texas Supreme Court has clarified that this does not mean all potential claims remotely available, but those that were reasonably decided on the merits by the full trial of one claim.   The U. S. Fifth Circuit Court of Appeals recognized this seemingly broad rule of bringing all claims possible in *Flores v. Edinburg Consolidated Independent School District, et*

*al.*:

> On its face, this broad statement of the rule suggests that every claim that might be permissibly joined in one suit must be so joined or will be forfeited.  The Texas Supreme Court, however, soon explained that it understood the rule "to mean only that all matters which p**roperly belong to a cause of action asserted in the pending suit, such as will sustain or defeat, in whole or in part, that cause of action**, must be produced or be barred by the judgment, and not that all of the different causes of action a party may have respecting the same property must be joined, because they may be, in one proceeding." *Moore v. Snowball,* 98 Tex. 16, 81 S.W. 5, 8 (1904). The court quoted approvingly from Freeman on Judgments 249: "The general expression, ... that a judgment is conclusive of every matter which the parties might have litigated in the action, is misleading.  What is really meant by this expression is that a judgment is conclusive **upon the issues tendered by the plaintiff's complaint**." *Id.* … ….Thus the scope of the res judicata bar is dependent on a determination of which issues are "connected with a cause of action or defense"           in           the           first           suit.

741 F.2d 773 (5th 1984).

14.    Even assuming there was a litigated and determined on the merits, it would not operate to dispose all of the matters in Sims' federal complaint.  The majority of Sims' federal claims could not have been determined by any determination of the state law Whistleblower claim.

15.    This Court's Order characterized Sims' claims against the City as turning on his termination "after he reported misconduct by his supervising officer to the Chief of Police." Sims not only reported misconduct but illegal activities to the Chief of Police and more significantly, to the Texas Rangers.  He made additional protected speech for which he was retaliated against, which are not necessarily illegal acts for which a claim is available under the Texas Whistleblower Act.  Nor does the Whistleblower Act preempt federal constitutional claims.  The Texas Whistleblower Act's waiver of immunity is expressly limited to adverse employment actions.  Thus, Sims' state law claim, filed roughly two months before his federal lawsuit, were limited to suspension, termination, or otherwise adverse personnel actions against an employee.  Sims' federal claims are not limited to the employment actions of Defendant City,

but include the serious post termination denial of due process (which continues), initiating a criminal investigation by outside agencies (Texas Rangers) and bringing based on causing criminal investigation and causing criminal charges to be brought against him based on false and fabricated information; the publishing of false charges of criminal conduct and wrongdoing which deprive him of protected interests without due process .

16.   Sims did not "file **a separate action** in state court against the City alleging wrongful termination under Texas law," but the state court action preceded the federal claims by roughly two months.  The statute of limitations under the Whistleblower Act is significantly shorter than for Sims' federal claims.  This Court would not have had jurisdiction over Sims' Whistleblower action at the time it was filed.  Irrespectively, the filing of concurrent actions in different courts, even if they arise out of the same events, is permissible, even though, for instance, it may prevent the defendant's ability to remove an action to federal court.  Sims had a right to file his state court claim in state court, and was not required to file his federal claims at that time and in that forum.  *Carpenter v. Wichita Falls Independent School District*, 44 F.3d 362 (5th Cir. 1995).

17.   In *Carpenter*, the Fifth Circuit found that the Texas Constitution provided greater free speech protections than the First Amendment to the Federal Constitution, and that "[t]he broader language permits a broader right," and that "[t]o equate these distinct constitutional provisions would be, in effect, to deny the reality and the possibility of a more expansive state liberty.  We therefore cannot construe a claim brought under Article I, Section 8 of the Texas *Bill of Rights* to be essentially or necessarily federal in character." *Id.* at 369.  The Court concluded, "In short, we cannot say that the failure to make a state claim pendent makes it federal.  Just as a federal court may not enjoin a state action for the same cause simply because it is proceeding

concurrently, *see 28 U.S.C. § 2283*, likewise a federal court may not take it on removal." The Court explained that there was no prior federal judgment and, consequently, no perceptible federal character to the state claim. Like Sims, Carpenter filed both actions simultaneously. As a result, there was no judgment to protect and no federal preclusion law to apply. Unlike the plaintiffs in *Moitie*, Carpenter was taking preclusion risks in order to have her state law claim heard in its preferred forum; she was not attempting to avoid the effect of a prior judgment. *Id.* at 370-371.

18. The dismissal of the state claim did not apply to preclude all potential claims, then known or unknown to Sims, or shorten the limitations period for federal civil rights claims as applied to only David Sims, imposing an unreasonable burden on Sims to have brought simultaneously and in the State court all claims known or unknown. At the time of filing, this Court would not have had jurisdiction over Sims' state law claim. Nor were the City's additional unconstitutional actions against Sims subsequent to the termination of his employment actionable under the Texas Whistleblower Act. The Act provides limited relief for suspension, termination, or otherwise adverse *personnel* actions against an employee.

### C.  No Final Judgment

19. This Court's decision addressed Sims' pending appeal of the state court's order, concluding that it did not matter even if the state dismissal is reversed on appeal; that even an incorrect judgment is a final judgment for res judicata purposes. Res judicata applies to even an incorrect judgment, but that judgment must be final first. The Court's reasoning has been applied only in cases where no appeal was filed. *See Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460 (5th. Cir., 2013)(*Iselin v. Meng*, 307 F.2d 455, 457 (5th Cir.1962) (quoting *Rubens v. Ellis*, 202 F.2d 415, 418 (5th Cir.1953)); see Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398,

101 S.Ct. 2424, 3 (1981) ("[T]he res judicata consequences of a final, ***unappealed judgment*** on the merits [are not] altered by the fact that the judgment may have been wrong or rested on a legal principle subsequently overruled in another case."); *Procter & Gamble Co. v. Amway Corp.*, 376 F.3d 496, 500 (5th Cir. 2004). The "indulgence of a contrary view would result in creating elements of uncertainty and confusion and in undermining the conclusive character of judgments, consequences which it was the very purpose of the doctrine of res judicata to avert" *Id.*,citing *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398–99, (quoting *Reed v. Allen*, 286 U.S. 191, 201 (1932)).

20.    This Court's decision punishes Sims by extending principles the Court acknowledges have only applied upon a summary judgment determination in Texas courts, and renders the Whistleblower Act a preemptive bar to all other potential claims Sims may discover, or independent, actionable conduct by the Defendant City that could never arise under the Whistleblower Act. The Court's Order unfairly bars Sims from his right to pursue any number of claims that are meritorious. It should be noted that the dismissal of Sims' state claim was based on the Defendant City's misleading Plea, which omitted the critical fact of Sims' pending appeal from his termination to the City Manager, which continue to toll any applicable limitations period under the Whistleblower Act, thereby taking advantage of a pro se party who has continuously suffered by the illegal acts of the City of Madisonville.

**PRAYER & REQUEST FOR HEARING**

21.    Plaintiff, David Sims, respectfully prats that the Honorable Court reconsider its Order granting summary judgment, and/or for a new trial. Plaintiff respectfully prays that the Honorable Court grant him a hearing on this Motion.

Respectfully Submitted,

/s/ *Larry Watts*
Laurence ("Larry") Watts
Attorney in Charge
State Bar No. 20981000
Federal I.D. 7092
Melissa Azadeh
State Bar No. 24064851

OF COUNSEL:

WATTS & COMPANY LAWYERS, LTD.
P.O. Box 2214
Missouri City, Texas  77459
Tel: (281) 431-1500
Fax: (877) 797-4055

J. Paxton Adams
State Bar No. 24042459
Southern District No. 628065
J. PAXTON ADAMS
ATTORNEY AT LAW
1113 Twelfth Street
Huntsville, Texas  77340
Tel: (936) 291-9900
Fax: (936) 291-9903

ATTORNEYS FOR PLAINTIFF
DAVID SIMS

## CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of July, a true and correct copy of the foregoing

document was delivered to all opposing counsel(s) by electronic filing of same in accordance

with the District's ECF service rules, to:

William S. Helfand
Charles T. Jeremiah
Chamberlain, Hrdlicka, White, Williams & Aughtry
1200 Smith Street, Suite 1400
Houston, TX  77002

Ramon G. Viada, III
Viada & Strayer, Attorneys at Law
17 Swallow Tail Court
The Woodlands, Texas 77381

s/ *Larry Watts*
Laurence ("Larry") Watts