IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID SIMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-14-2145 |
| | § | |
| CITY OF MADISONVILLE, | § | |
| MADISONVILLE POLICE | § | |
| DEPARTMENT, AND JEFFREY | § | |
| COVINGTON | § | |
| | § | |
| Defendants. | § | |

**ORDER DENYING MOTION FOR RECONSIDERATION**

David Sims, a City of Madisonville, Texas police officer, was fired after he reported misconduct by his supervising officer to the Chief of Police. Sims sued the City and the officer, Sergeant Jeffrey Covington, under 42 U.S.C. § 1983, alleging that both violated his federal constitutional rights. Sims filed a separate action in state court against the City, alleging wrongful termination under the Texas Whistleblower Act. The state court granted the City's plea to the jurisdiction and dismissed the case with prejudice on the basis of governmental immunity. The defendants moved for summary judgment, arguing that the prior state-court dismissal precluded Sims's federal claims. This court granted the City's motion for summary judgment but denied Covington's because he was not in privity with the City. (Docket Entry No. 49). Sims moved for reconsideration, (Docket Entry No. 50), and the City responded, (Docket Entry No. 51).

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *See St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997) (stating that "the Federal Rules of Civil Procedure do not recognize a general motion for

reconsideration"). A court retains the power to revise an interlocutory order before entering judgment adjudicating the parties' claims, rights, and liabilities. FED. R. CIV. P. 54(b). A motion seeking reconsideration of an order or judgment is generally considered a motion to alter or amend under Rule 59(e) if it seeks to change the order. *T-M Vacuum Products, Inc. v. TAISC, Inc.*, No. 07-cv-4108, 2008 WL 2785636, at *2 (S.D. Tex. July 16, 2008). A Rule 59(e) motion "calls into question the correctness of a judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478–79 (5th Cir. 2004) (citing *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)). A Rule 59(e) motion "'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003) (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir.1990)). Changing an order or judgment under Rule 59(e) is an "extraordinary remedy" that courts should use sparingly. *Templet*, 367 F.3d at 479; *see also* 11 CHARLES A. WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2810.1, at 124 (2d ed. 1995). The Rule 59(e) standard "favors denial of motions to alter or amend a judgment." *S. Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993). A motion to reconsider may not be used to relitigate old matters or to raise arguments or present evidence that could have been raised before the entry of the judgment or order. 11 WRIGHT, MILLER, AND KANE, FEDERAL PRACTICE & PROCEDURE § 2810.1 at 127–28 (footnotes omitted).

Sims's motion for reconsideration advances essentially the same arguments raised and rejected in the court's Memorandum and Opinion granting the City's motion for summary judgment. Sims's § 1983 lawsuit against the City is based on the same set of facts as his wrongful-termination

2

suit, which the Texas court dismissed "with prejudice." (Docket Entry No. 29, Ex. D). For the same reasons discussed in the Memorandum and Opinion, the prior state-court dismissal precludes the claims Sims asserted against the City in this federal suit. *See Carrasco v. City of Bryan, Tex.*, 515 F. App'x 325, 326 (5th Cir. 2013) (per curiam) (affirming summary judgment for § 1983 defendant based on res judicata because the federal suit arose "from the same set of facts as [an] earlier state court suit" and "[t]he state court's dismissal with prejudice is a final judgment on the merits." (citing *Harris County v. Sykes*, 136 S.W.3d 635, 639 (Tex. 2004); *Barr v. Resolution Trust Corp. ex rel Sunbelt Fed. Sav.*, 837 S.W.2d 627, 630–31 (Tex. 1992)); *Scurlock Oil Co. v. Smithwick*, 724 S.W.2d 1, 6 (Tex. 1986) ("[A] judgment is final for the purposes of issue and claim preclusion despite the taking of an appeal unless what is called an appeal actually consists of a trial de novo.").

Sims's motion for reconsideration, (Docket Entry No. 50), is denied.

SIGNED on September 9, 2015, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge

3