United States District Court
Southern District of Texas
**ENTERED**
May 26, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DAVID SIMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-14-2145 |
| | § | |
| CITY OF MADISONVILLE, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**ORDER ON THE PARTIES' MOTIONS ON SUMMARY JUDGMENT FILINGS**

From September 2015 to March 2016, the parties in this case filed approximately 35 motions, responses, and replies disputing the deadline and page limits for one brief responding to a motion for summary judgment. This is the court's ninth order attempting to manage these disputes. (Docket Entry Nos. 58, 61, 63, 72, 76, 80, 85, 92).

**I.     Background and Procedural History**

On September 1, 2015, defendant Jeffery Covington moved for summary judgment. (Docket Entry No. 52). He attached to his motion 653 pages of record evidence. (Docket Entry No. 52, Exs. 1–8). The plaintiff, David Sims, moved four times to extend the deadline for filing a response. (Docket Entry Nos. 56, 59, 62, 64). The court granted each motion.

Sims also moved for leave to file a response exceeding the 25-page limit set by the court's local procedures. (Docket Entry No. 70). On October 28, 2015, the court granted the motion in part. (Docket Entry No. 76). The court permitted Sims to file a response not to exceed 35 pages and exhibits not to exceed 200 pages. (*Id.*).

On November 2, 2015, Sims filed his summary judgment response. (Docket Entry No. 79).

1

He attached to his response 1,129 pages of record evidence and two CDs with audio and video evidence. (Docket Entry No. 75; Docket Entry No. 79, Exs. 1–55). The next day, Sims filed a motion for leave to exceed the 200-page limit set by the court's October 28 order. (Docket Entry No. 81).

On November 12, 2015, the court granted the motion in part. (Docket Entry No. 85). The court permitted Sims to file no more than 400 pages of summary judgment evidence. The court gave Sims until the following day—November 13, 2015—to make the necessary adjustments. Sims failed timely to comply. Instead, on November 18, 2015, Sims moved for leave to file out of time the revised summary judgment evidence and for leave to exceed the 400-page limit. (Docket Entry No. 86). Sims moved to submit 560 pages of summary judgment evidence. He explained how he had limited the evidence previously submitted to those portions of the record cited in the summary judgment response. Sims submitted as an attachment to his motion the proposed revised summary judgment response and the record evidence he sought to file. (Docket Entry No. 86, Ex. 1; Docket Entry No. 87).

Covington opposed Sims's motion. (Docket Entry No. 88). Covington expressed particular concern about the two CDs. These CDs were not included in Sims's revised page count, but they contained "lengthy verbal conversations which, when transcribed, extend for many pages of written text." (*Id.* at p. 3).

On December 31, 2015, the court concluded that "[e]nlarging the page limits on the additional summary judgment evidence and the revised response to Covington's summary judgment motion is warranted." (Docket Entry No. 92 at p. 2). The court granted Sims's motion to expand the summary judgment evidence. (*Id.*). The court held that "Sims's additional summary judgment

2

evidence and revised response are deemed filed as of December 31, 2015." (*Id.*). The court ordered Sims to file a further revision to his summary judgment response in light of Covington's concerns about the CDs. The court instructed Sims to "quote the specific passages of the CDs he wishes the court to consider and approximately where they appear in the CD." (*Id.* at p. 3). The court ordered Sims to submit a revised response no later than January 8, 2016, and it ordered Covington to submit a reply no later than January 22, 2016. Sims did not submit a revised response by the deadline. On January 22, 2016, Covington filed his reply. (Docket Entry No. 93).

## II.     The Pending Motions

On January 28, 2016, Sims moved for leave to supplement out of time his summary judgment response. (Docket Entry No. 94). The proposed supplement summarized the portions of the audio and video CD exhibits Sims relied on in his summary judgment response. (Docket Entry No. 94, Ex. 1). Sims also objected generally to the court's orders limiting his ability to submit summary judgment evidence. Sims argued that these orders were unfairly prejudicial because the page limits were not applied to Covington as well. Covington had filed 653 pages of summary judgment evidence, without ever facing the "arbitrary page limitations" that were imposed only on Sims. Sims argued that the court's orders had unreasonably prevented him from adequately responding to Covington's summary judgment motion.

Sims sought leave to file, and to extend the deadline for filing, a surreply to Covington's reply. (Docket Entry Nos. 95, 96). He also sought leave to file affidavits to authenticate summary judgment evidence he had already submitted. (Docket Entry No. 97). Covington opposed these motions, (Docket Entry Nos. 98, 100, 101, 102), and Sims replied, (Docket Entry Nos. 104, 105, 106).

Sims also moved to strike two of Covington's responses. (Docket Entry Nos. 103, 107). Sims argued that one response was "offensive" and "scandalous" under Federal Rule of Civil Procedure 12(f), (Docket Entry No. 103), and that the other response was untimely, (Docket Entry No. 107). Covington responded that Sims's filings were "a waste of time and abusive." (Docket Entry No. 108).

**III.    Discussion**

    **A.    The Motion to Supplement**

Sims filed the proposed supplement to the summary judgment response 20 days after the court's deadline. The supplement is approximately 4 pages and provides the pin citations to and the text of the audio and video CD evidence relied on in the summary judgment response. Sims states that he failed timely to comply with the court's order because he misread it. (Docket Entry No. 94 at p. 3). Covington responds that misreading the order does not show excusable neglect and that granting Sims a time extension would deprive Covington of an opportunity to respond to the CD evidence. (Docket Entry No. 98 at p. 2).

The court acknowledges Sims's objection that the summary-judgment-evidence page limits were imposed only on him, not on Covington. The court's December 2015 order cured any prejudice Sims suffered. The order allowed Sims to file 560 pages of summary judgment evidence, well in excess of the court's previous page limit. Sims stated that the evidence was not unreasonably "burdensome or superfluous" and aligned with the citations in his revised summary judgment response. (Docket Entry No. 86 at p. 6). This evidence, together with the CDs, roughly approximates the number of pages Covington submitted. Sims has not sought to submit further evidence beyond the 560 pages already submitted. Sims has not argued or shown that the court's

December 2015 order materially limited his ability to respond to Covington's summary judgment motion. That order deemed the 560 pages filed as of December 31, 2015. The court will consider the response and the record evidence deemed filed in its December 2015 order when ruling on the summary judgment motion. (Docket Entry No. 86, Ex. 1; Docket Entry No. 87, Exs. 1–55).

The only issue is whether the four-page supplement providing pin citations to the CD evidence can also be considered, even though it was untimely. Although Covington is correct that misreading a court's order ordinarily does not show excusable neglect, given the earlier restrictions imposed on Sims, and given that the supplement provides brief and helpful pin citations, the court will consider the summary judgment supplement. The supplement to the summary judgment response is deemed filed as of May 26, 2016. (Docket Entry No. 94, Ex. 1).

Covington objects that the pincites provided in the supplement refer to portions of the CD evidence that are inadmissible under the Federal Rules of Evidence. (Docket Entry No. 98 at p. 2). Covington argues that submitting the supplement out of time will deprive him of an opportunity to raise necessary objections.

To ensure that Covington is not unfairly prejudiced by considering the supplemental response out of time, the court grants Covington leave to file any objections to the evidence cited in the supplemental response by **June 3, 2016.** The filing must not exceed 5 pages. Sims must file any reply by **June 10, 2016.** The filing must not exceed 5 pages. These deadlines will not be extended.

### B. The Motion to File a Surreply

Sims moved for leave to file a surreply and for leave to file it out of time. (Docket Entry Nos. 95, 96). The court has already granted Sims a number of time extensions. (Docket Entry Nos.

58, 61, 63, 72, 80, 92). Sims has routinely failed to comply. The court will not grant any further extensions. The motions for leave to file a surreply out of time are denied.

### C. The Motion for Leave to File Affidavits

The motion for leave to file affidavits solely for the purpose of authenticating summary judgment evidence already submitted is granted. (Docket Entry No. 97).

These affidavits are deemed filed as of May 26, 2016. (Docket Entry No. 97, Exs. A, B).

### D. The Motions to Strike

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). Assuming without deciding that Covington's response—which is clearly not a "pleading," *see* Fed. R. Civ. P. 7(a)—can be stricken under Rule 12(f), the response is not "scandalous." A filing is not scandalous merely because "the matter offends the sensibilities of the objecting party." *United States v. Coney*, 689 F.3d 365, 380 (5th Cir. 2012) (quotation marks omitted). Covington's response "describe[d] acts or events that are relevant to the action" by detailing the procedural history of this litigation. *See id.* (quotation marks omitted). Sims objects to language in the response that criticizes the way Sims's counsel has litigated this case, but that does not make the filing scandalous. The motion to strike Covington's response under Rule 12(f) is denied. (Docket Entry No. 103).

The motion to strike Covington's other response as untimely is dismissed as moot in light of the rulings discussed above. (Docket Entry No. 107).

## IV. Conclusion

The motion to file a supplement to the summary judgment response is granted. (Docket Entry No. 94). The motions for leave to file a surreply are denied. (Docket Entry Nos. 95, 96). The

motion for leave to file affidavits is granted.  (Docket Entry No. 97).  The motions to strike are denied.  (Docket Entry Nos. 103, 107).

Covington may file any objections to the evidence cited in the supplemental response by **June 3, 2016.**  The filing must not exceed 5 pages.  Sims must file any reply by **June 10, 2016.**  The filing must not exceed 5 pages.

Oral argument is set for **June 1, 2016 at 3:30 p.m.** in Courtroom 11-B.  (Docket Entry No. 109).

These deadlines will not be extended.  No additional motions will be filed.

SIGNED on May 26, 2016, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge